## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

=============================== 

|  |  |  |
|---|---|---|
| **AUCTUS FUND, LLC,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 1:17-CV-12329-LTS** |
| | : | |
| **ARIAS INTEL CORP. f/k/a** | : | |
| **FIRST HARVEST CORP.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

===============================

## FIRST AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.    The Plaintiff, Auctus Fund, LLC, (hereinafter "Auctus" or the "Fund"), respectfully submits its First Amended Complaint and Demand for Jury Trial (hereinafter the "Amended Complaint") against the Defendant, Arias Intel Corp. f/k/a First Harvest Corp. (hereinafter the "Company" or "ASNT"), in the above-captioned action.  The Plaintiff's allegations, as set out herein, are asserted for damages arising from, and resulting from the Defendant's violations of the following:

> a)    breach of contract;
>
> b)    breach of implied covenant of good faith and fair dealing;
>
> c)    unjust enrichment;
>
> d)    breach of fiduciary duty;
>
> e)    fraud and deceit;
>
> f)    negligent misrepresentation; and/or

g)       the Massachusetts Consumer Protection Act, M.G.L. c. 93, §§ 2 and 11.

2.       The Plaintiff further alleges that, as a result and as caused by the Defendant's breaches, actions, omissions, policies, practices, and/or courses of conduct, Auctus has suffered irreparable harm to its business and reputation in the investment industry, damages from the Defendant's coercion, duress, and unfair and deceptive anti-competitive acts, causing lost revenue, lost profits and prospective business, together with its injuries and damages.

3.       The Plaintiff respectfully requests that its causes of action against the Defendant proceed to a trial by jury, that judgment be entered on all Counts against the Defendant and that Auctus be awarded its compensatory damages and losses, costs, interest, plus multiple and/or punitive damages, attorneys' fees, equitable and declaratory relief, and any such other relief as this Honorable Court deems just and appropriate.

## II. PARTIES

4.       The Plaintiff, Auctus Fund, LLC is a Delaware limited liability company with its principal place of business located at 177 Huntington Avenue, 17th Floor, Boston, Massachusetts 02115.

5.       Upon information and belief, the Defendant, Arias Intel Corp. f/k/a First Harvest Corp., is a Nevada corporation, having National Registered Agents, Inc. of NV, located at 701 S. Carson Street, Suite 200, Carson City, Nevada 89701, as its registered agent, and as having its principal place of business located at 5015 W, Nassau Street, Tampa, Florida 33607.  Upon information and belief, on or about December 1, 2017, the Defendant changed its legal corporate name to "Arias Intel Corp." from "First Harvest Corp."  According to its Form 8-K, as filed with the U.S. Securities and Exchange Commission (hereinafter "SEC"), the Company effectuated the name change through a short-form merger pursuant to Section 92A of the Nevada Revised Statutes

where a subsidiary formed solely for the purpose of the name change was merged with and into the Company, with the Company as the surviving corporation in the merger. The merger had the effect of amending the Company's Articles of Incorporation to reflect its new legal name. The Company's name change became effective with the Financial Industry Regulatory Authority, Inc. (hereinafter "FINRA") on or about December 1, 2017, and the Company's common stock now trades on the OTC Pink Markets under the new name and a new ticker symbol, "ASNT." The Defendant's former ticker symbol on the OTC Pink Markets was "HVST."

### III. <u>JURISDICTION AND VENUE</u>

6.      The Plaintiff asserts that this Honorable Court has jurisdiction over this action under 28 U.S.C. § 1332 because the Parties are of complete diversity and the amount in controversy exceeds $75,000.00.

7.      The Plaintiff further contends that, pursuant to 28 U.S.C. § 1391(b), venue is proper in the District of Massachusetts in that, pursuant to the Transaction Documents (defined below), the Parties agreed that any and all disputes between and/or among them shall be brought, *inter alia*, in the state or federal courts in the Commonwealth of Massachusetts. Additionally, this Court is such District where the Plaintiff is headquartered and has its principal place of business, and is where the violative conduct described herein is alleged to have occurred.

8.      This Court has personal jurisdiction, generally and specifically, over the Defendant by express terms of the Agreement, and as arising from their extensive business contacts, generally over time and specifically in their business dealings with the Plaintiff, within the Commonwealth of Massachusetts.

## IV. <u>FACTUAL BACKGROUND</u>

9.      On or about April 7, 2017, the Company executed, *inter alia*, a certain Securities Purchase Agreement (hereinafter the "Purchase Agreement" or the "SPA") and a certain Convertible Promissory Note (hereinafter the "Note" and, with the SPA and other documents, collectively hereinafter the "Transaction Documents"), thereby entering into a contract with the Fund for its investment in ASNT.  *See* Purchase Agreement, attached, restated and incorporated by reference herein as <u>**Exhibit A**</u>; Note, attached, restated and incorporated by reference herein as <u>**Exhibit B**</u>.

10.      On or about October 25, 2017, and pursuant to the terms and conditions of the Transaction Documents, the Fund thereafter executed and delivered its Notice of Conversion (hereinafter the "Conversion Notice"), by which it elected to make a partial conversion of certain accrued and unpaid interest of the Convertible Promissory Note. In a breach of the SPA and Note, however, the Company failed to properly allocate and/or reserve such shares, thereby illicitly seeking to deny the Fund its right to become a shareholder in the Company. *See* Conversion Notice, attached, restated and incorporated by reference herein as <u>**Exhibit C**</u>;

11.      Thereafter, it is undisputed that the Company incurred and/or caused several Events of Default, as set forth in Article III, entitled "*Events of Default*," of the Notes. In addition, pursuant to Section 3.1, an Event of Default shall have occurred by the failure of the Company to properly allocate and/or reserve shares of common stock for the Fund upon its election of conversion, in whole or in part, and its failure to pay the principal and/or interest, when due under the terms of the Note. *See* Note (<u>**Exhibit B**</u>), § 3.1. Such Events of Default, together with others, have occurred and continue to occur.

12.      Upon the occurrence of an Event of Default under Section 3.1 of the Note, the entire

principal and accrued interest shall be due and owing hereunder. Furthermore, an Event of Default pursuant to Section 3.10 of such Note, the Company is required to pay, and shall pay, the Fund the "Default Sum" (as defined therein), due under the Note as multiplied by One Hundred - Fifty and 00/100 (150.00%) percent. Thus, as of the date hereof, the Company owes the Fund, under the SPA and the Note, the Default Sum totaling Two Hundred –Twenty - Four Thousand – Eight Hundred – Eighty - Eight and 35/100 ($224,888.35.) Dollars (U.S.). Until paid, the Default Sum shall continue to accrue the default interest rate of Twenty-Two and 00/100 (24.00%) percent per year, provided by the Note.

13.     In sum, the Defendant perpetrated a fraud upon the Plaintiff, which suffered as a consequence.  Throughout, the Defendant has been unjustly enriched and converted the Plaintiff's assets, causing it to suffer further damages and injuries.  As a result of the fraudulent scheme, actions, concealment, and omissions of the Defendant, the Plaintiff lost substantial monies and lost opportunity in such assets.

## V. **VIOLATIONS OF LAW**

### **COUNT I – BREACH OF CONTRACT**

14.     The Plaintiff reasserts Paragraphs 1 through 13 of the Amended Complaint, together with **Exhibits**, and restates and incorporates them herein by reference.

15.     Pursuant to the SPA and the Note, the Fund invested in the Company and sought to become a shareholder, in good faith, to join the Company in the accomplishment of its business goals and in accordance with the standards of the business and the securities industry.  The Fund contends that the Defendant breached the contract with the Plaintiff by its conduct, as described herein.

16.     The Fund alleges that the Company is liable for a breach of contract and for a breach of an implied covenant of good faith and fair dealing. A breach of contract is failure without excuse to perform a duty which is due under the contract. Additionally, the interpretation of a contract is a question of law, not fact. If the wording is not ambiguous, then the contract must be enforced according to its plain terms.

17.     The Plaintiff performed its obligations under the Purchase Agreement, the Note, and the Notice of Conversion, and in good faith.

18.     The Defendant, by its conduct described herein, violated the Purchase Agreement, the Note, and the Notice of Conversion, breaching its contract with the Plaintiff.

19.     As a direct and proximate cause of the Defendant's breaches of its contract, the Plaintiff has suffered irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

## COUNT II – BREACHES OF IMPLIED
## COVENANT OF GOOD FAITH-FAIR DEALING

20.     The Plaintiff reasserts Paragraphs 1 through 19 of the Amended Complaint, together with **Exhibits**, and restates and incorporates them herein by reference.

21.     It is well established in that every contract carries an implied covenant of good faith and fair dealing whereby the parties treat each other fairly and act in good faith and no party to the contract shall take any action to harm another party's rights under the contract. The duty imposed by this "implied covenant of good faith and fair dealing" pertains to bad faith in the performance of a contract, not just in its execution or negotiation. Implicit in every contract is the requirement on faithfulness to an agreed upon common purpose and consistency with the justified expectations of the other party.

22.     A breach of contract is the failure to perform for which legal excuse is lacking. As a matter of law, a contract existed, which the Company breached and failed to comply with the covenant of good faith and fair dealing. The law is clear - the Fund had a binding contract and the Company has no legal basis, as a matter of law, to avoid its obligations under the Note or the damages, including but not limited to damages set forth pursuant to Section 3.10 of such Note which arose as a result from the breach of the Purchase Agreements and the Notes.

23.     The Defendant had a duty of good faith and fair dealing in its dealings with the Plaintiff and pursuant to the promises, contract, and statements made to the Plaintiff to induce it to enter into the contract and provide assets to the Defendant in exchange for its promise to repay the same, with interest.

24.     Under the covenant, the Defendant was obligated to good faith perform of its obligations under the Purchase Agreement and the Note with the Plaintiff, and to be faithful and consistent to the justified expectations of the Plaintiff.

25.     As described above, the Defendant breached the implied covenant of good faith and fair dealing with the Plaintiff.

26.     As a direct and proximate cause of the Defendant's breaches of the implied covenant of good faith and fair dealing, the Plaintiff has suffered irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

## **COUNT III – UNJUST ENRICHMENT**

27.     The Plaintiff reasserts Paragraphs 1 through 26 of the Amended Complaint, together with the **Exhibits**, and restates and incorporates them herein by reference.

28.     The Defendant illegally received assets and benefits from the Plaintiff, as arising from its false and fraudulent statements and misrepresentations, and without providing equivalent value therefor.

29.     The Defendant's actions, courses of conduct, and omissions were wantonly, intentionally, and maliciously conducted against the Plaintiff, to its detriment.

30.     The Defendant has been unjustly enriched by its actions, as described herein.

31.     As a direct and proximate cause of the Defendant's unjust enrichment, the Plaintiff has suffered irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

## COUNT IV – BREACH OF FIDUCIARY DUTY

32.     The Plaintiff reasserts Paragraphs 1 through 31 of the Amended Complaint, together with the **Exhibits**, and restates and incorporates them herein by reference.

33.     A fiduciary relationship existed between the Plaintiff and the Defendant, requiring it to act with a duty of the utmost loyalty and trust on behalf of the Plaintiff.  As a fiduciary, the Defendant was required to maintain and protect the welfare of the Plaintiff.

34.     By engaging in the conduct described herein, the Defendant breached its fiduciary duties to the Plaintiff.

35.     As a direct and proximate cause of the Defendant's breach of fiduciary duty, the Plaintiff has suffered irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

## COUNT V  - FRAUD AND DECEIT

36.     The Plaintiff reasserts Paragraphs 1 through 35 of the Amended Complaint, together with the **Exhibits**, and restates and incorporates them herein by reference.

37.     The actions of the Defendant described herein constitute fraud and deceit, including but not limited to the following:

a)      the Defendant made false representations of material facts, and/or omitted material facts with a duty of disclosure, knowing or having reason to know of their falsity;

b)      the Defendant made said misrepresentations and omissions for the purpose of inducing reliance from the Plaintiff; and

c)      the Plaintiff did rely upon said misrepresentations and omissions, to its detriment.

38.     As a direct and proximate cause of the Defendant's fraud and deceit, the Plaintiff has suffered irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

## COUNT VI - NEGLIGENT MISREPRESENTATION

39.     The Plaintiff reasserts Paragraphs 1 through 38 of the Amended Complaint, together with **Exhibits**, and restates and incorporates them herein by reference.

40.     The conduct of the Defendant as described herein constitutes negligent misrepresentation in that the Defendant negligently provided the Plaintiff with erroneous and misleading information, and negligently omitted material information with a duty to disclose, to the Plaintiff's detriment.

41.     As a direct and proximate cause of the Defendant's negligent misrepresentations, the Plaintiff has suffered irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

## COUNT VII - VIOLATIONS OF MASSACHUSETTS
## CONSUMER PROTECTION ACT / M.G.L. C. 93A, §§ 2 & 11

42.     The Plaintiff reasserts Paragraphs 1 through 41 of the Amended Complaint, together with the **Exhibits**, and restates and incorporates them herein by reference.

43.     At all relevant times herein, the Defendant conducted a trade or business, as defined by the Massachusetts Consumer Protection Act, M.G.L. c. 93A, within the Commonwealth of Massachusetts.

44.     The conduct of the Defendant as described herein, constitutes unfair and deceptive trade practices, under Sections 2 and 11 of the Consumer Protection Act, including but not limited to claims that the Defendant:

> a)     executed the Securities Purchase Agreement and the Note with full knowledge and understanding of the Defendant's obligations to the Plaintiff;
>
> b)     fraudulently induced the Plaintiff to invest in the Company and thereby breached its promise to repay the Plaintiff;
>
> c)     fraudulently concealed from the Plaintiff the full and complete financial and operational details and prospects of the Company in inducing the Plaintiff to make its investment in the Company;
>
> d)     knowingly and intentionally concealed these activities from the Plaintiff, to its detriment; and/or
>
> e)     violated the requirements, terms and conditions of existing statutes, rules and regulations meant for the protection of the public's health, safety or welfare.

45.     As a direct and proximate cause of the Defendant's violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A, Sections 2 and 11, the Plaintiff has suffered irreparable

harm, and general, special, and consequential damages, including, but not limited to, loss of profits,

interest, and other damages, injuries, and losses, to its detriment.

## VI. <u>REQUESTS FOR RELIEF</u>

WHEREFORE, the Plaintiff, Auctus Fund, LLC, respectfully requests that this Honorable

Court grant it the following relief:

A)      Determine that the Defendant is liable for all damages, losses, and costs, as alleged

herein;

B)      Determine and award the Plaintiff, Auctus Fund, LLC, the actual losses sustained

by it as a result of the violations of law by the Defendant, as set forth herein;

C)      Render a judgment and decision on behalf of the Plaintiff, Auctus Fund, LLC, on

all Counts of the Amended Complaint, and issue findings of fact and rulings of law, as

necessary and appropriate, that the Defendant is liable, in all respects;

D)      Order, decide, adjudge, and determine that the liability of the Defendant,  is for all

losses, injuries, and damages, special, consequential, general, punitive, and/or otherwise,

and for all interest and costs, as alleged herein;

E)      Award the Plaintiff, Auctus Fund, LLC, its costs, including, but not limited to, filing

fees, costs, expenses and interest, for being required to prosecute this action;

F)      Award the Plaintiff, Auctus Fund, LLC, its actual attorneys' fees, for being required

to prosecute this action;

G)      Award the Plaintiff, Auctus Fund, LLC, multiple, double, treble, and/or punitive

damages in an amount to be determined;

H)      Enter judgment on behalf of the Plaintiff, Auctus Fund, LLC, on the Amended

Complaint;

I)      Order declaratory relief, as appropriate and as this Honorable Court deems

necessary; and/or

J)      Any additional relief which this Honorable Court deems just and proper.

**THE PLAINTIFF, AUCTUS FUND LLC,**
**DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

Respectfully Submitted,
PLAINTIFF, Auctus Fund LLC,

By its Attorneys,

      /s/  *Philip M. Giordano*
Philip M. Giordano, Esq. (BBO No. 193530)
Russell A. Haverty, Esq. (BBO No. 693260)
Giordano & Company, P.C.
REED & GIORDANO, P.A.
47 Winter Street, Suite 800
Boston, Massachusetts 02108-4774
Telephone: (617) 723-7755
Facsimile: (617) 723-7756
Email: pgiordano@reedgiordano.com
Email: rhaverty@reedgiordano.com

Dated: December 8, 2017